UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH VIGLIONE,

    Plaintiff,

v.

BARKER CONSULTING NYC, INC.,

Defendant.

Civil Action No.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Keith Viglione ("Viglione"), is an individual residing in Newburyport, Massachusetts.

2. Barker Consulting NYC, Inc., upon information and belief, a New York corporation with a principal place of business at 31 W 34th St., Floor 8, New York, NY 10001.

### JURISDICTION AND VENUE

3. This case arises under the Federal Copyright Act, 17 U.S.C. §101, et seq.

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, 1337 and 1338.

5. Viglione's cause of action arose in, and Viglione has been injured in, this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant was targeting Massachusetts customers through its website.

FACTS

7. Since at least as early as 2014, Viglione has been a professional photographer.

8. Viglione has photographed thousands of subjects with a particular focus on photographing iconic Massachusetts images. These iconic images include, without limitation, an image of Boston entitled "Boston Skyline from Eastie"

9. "Boston Skyline from Eastie" ("image") is an image that was taken by Viglione in or around April of 2018, attached hereto as Exhibit B.

10. Although Viglione publicly displays his works at his website, social media platforms, and elsewhere, Viglione takes significant steps to protect his rights in his original works. Viglione has registered copyrights for virtually all of his photographs with the United States Copyright Office, including the "Boston Skyline from Eastie" image.

11. The effective date of Federal Copyright Registration VA 2-196-971 is December 18, 2019.

12. Viglione vigorously protects his intellectual property rights by entering into voluntary licensing agreements with those seeking to use his copyrighted works, and by pursuing infringements of his works.

13. Viglione has developed significant goodwill and value in his works, which are well-known and sought after throughout the region.

14. Viglione discovered the image on the Barker Consulting webpage, https://barker-consulting.com/boston in or around August 2021.

15. A screenshot showing the infringing reproduction of the image is attached hereto as Exhibit C.

16. As a result, Viglione contacted Defendant via email hr@barker-

consulting.com on August 19, 2021 to report the infringement.

17. As recently as June 4, 2024 hr@barker-consulting.com has been used for electronic communications by Barker Consulting, and specifically, Jackie Moritz, Human Resource Manager, Barker Consulting NYC, Inc.

18. As of at least November 2021, some three months after being informed of the infringement, the image was still posted on https://barker-consulting.com/boston.

19. Upon information and belief, Defendant copied the copyrighted work from the internet in order to create the infringing work.

20. Upon information and belief, and as shown by the fact that Defendant superimposed its corporate logo into the infringing work it created, Defendant created the infringing work to use for its own commercial purposes.

21. Defendant was never authorized to use Viglione's copyrighted work.

## COUNT I
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the complaint.

23. Viglione is the owner of the exclusive copyright in his work identified above.

24. The Register of Copyrights issued a certificate of registration for the work, and the certificate of registration is attached hereto as Exhibit A.

25. Defendant copied Viglione's copyrighted work and created the infringing work without authorization. Defendant displayed the infringing work for its own commercial purpose.

26. Defendant's infringement of Viglione's copyrighted work caused harm to Viglione.

WHEREFORE, Plaintiff Keith Viglione prays that this Court:

1. Enter judgment in favor of Plaintiff on Count I of the complaint;

2. Award Plaintiff actual damages pursuant to 17 U.S.C. § 504 in an amount to be determined at trial;

3. Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504;

4. Award Plaintiff attorneys fees and costs pursuant to 17 U.S.C. § 505;

5. Award Plaintiff interest on judgment as provided for by law; and,

6. Award such further relief as the Court deems just and appropriate.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

KEITH VIGLIONE,
By his attorney,

*/s/ Douglas Hartman*
Douglas Hartman, BBO# 642823
HARTMAN LAW, P.C.
10 Post Office Square
Suite 800 South
Boston, Massachusetts 02109
P: 617-807-0091
F: 617-507-8334
dhartman@hartmanlawpc.com